**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS ESTRADA SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.: 1:25-cv-01964-KES-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION<br><br>[Doc. 1]<br><br>[10-DAY OBJECTION DEADLINE] |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on December 22, 2025. (Doc. 1.)  He challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  He claims his detention has become so unreasonably prolonged as to violate his Fifth Amendment due process rights. (Doc. 1 at 18-19.) He claims he should be immediately released, or in the alternative, provided with a bond hearing before an immigration judge.

On February 9, 2026, Respondent filed a response to the petition. (Doc. 10.) The response is unresponsive to Petitioner's claim. Respondents contend that Petitioner's detention is mandatory

1

pursuant to 28 U.S.C. § 1225(b)(2)(A), but Respondents fail to address Petitioner's claim that his prolonged detention has become unreasonable because there is no significant likelihood of removal in the reasonably foreseeable future. Respondents also fail to provide any relevant documentation from Petitioner's Alien File despite the Court's order to do so. Accordingly, the Court will operate on the assumption that Respondents concede Petitioner's contentions.

For the reasons discussed below, the Court will recommend the petition be GRANTED and Respondents be DIRECTED to provide Petitioner with a bond hearing before an Immigration Judge.

**I.      BACKGROUND**

Petitioner states he was taken into ICE custody in May 2025. (Doc. 1 at 5.) Since that time, Petitioner has remained in continuous custody. (Doc. 1 at 5.) He states he is currently in removal proceedings. (Id.) The Court has no additional information on Petitioner, as the petition is a boilerplate form petition, and Respondents failed to provide any documentation from Petitioner's Alien File or provide any information on Petitioner's immigration status and background.

**II.     DISCUSSION**

A.   Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

B.   Prolonged Detention

It is unclear whether Petitioner is being detained pursuant to 28 U.S.C. § 1225(b), 1226(c), 1231(a)(1), or 1231(a)(6). Respondents maintain Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). (Doc. 10 at 1.) However, Petitioner contends he is not subject to § 1225(b)(2) because he was at liberty prior to re-detention, and many courts including this

Court have concluded that § 1225(b)(2) is inapplicable to aliens who have been granted release on parole and have lived for an extended period of time in the United States. Petitioner's immigration status is unclear because Respondents have provided no relevant documentation. It is unknown whether Petitioner is subject to a final order of removal in which case § 1231(a) would apply. It is also unknown how and why Petitioner was re-detained. Petitioner acknowledges that he has sustained various convictions. (Doc. 1 at 6.) He also acknowledges that he has been charged with making criminal threats in violation of Cal. Penal Code § 422, and that those charges are still pending. (Id.) Thus, it is unclear whether Petitioner's detention is pursuant to § 1226(c). Regardless of which statute under which Petitioner is detained, it is undisputed that Petitioner's detention has become unreasonably prolonged.

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." Demore v. Kim, 538 U.S. 510, 531 (2003); see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

In analyzing whether prolonged detention violates due process, many courts have looked to Justice Kennedy's concurrence in Demore, which stated that, "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532 (Kennedy, J., concurring).

Several circuit courts including the Ninth Circuit, as well as numerous district courts including this Court, have found that unreasonably long detention periods may violate the due process clause. See, e.g., Rodriguez v. Marin ("Rodriguez IV"), 909 F.3d 252, 256 (9th Cir. 2018) (the Ninth Circuit asserted "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional...."); Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) (unreasonably

prolonged detention of alien without bond hearing violates due process); Diop v. ICE/Homeland Sec., 656 F.3d 221, 235 (3d Cir. 2011) (detention of an alien for a period of nearly three years without further inquiry into whether it was necessary to ensure his appearance at the removal proceedings or to prevent a risk of danger to the community, was unreasonable, and, therefore, a violation of the Due Process Clause"); German Santos v. Warden Pike, 965 F.3d 203 (3d Cir. 2020) (reversing and remanding to district court to order bond hearing while detained under § 1226(c)); Maksim v. Warden, 1:25-cv-00955-SKO, 2025 WL 2879328  (E.D. Cal. Oct. 9, 2025) (ordering bond hearing for noncitizen detained under § 1225(b)(1) for 11 months); Diep v. Wofford, 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal Feb. 25, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1226(c) for 13 months); A.E. v. Andrews, 1:25-cv-00107-KES-SKO, 2025 WL 1424382 (E.D. Cal. May 16, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1225(b) for 20 months).

The Ninth Circuit and district courts in this circuit have applied the Mathews[1] test in considering due process challenges in the immigration context with respect to whether due process entitles a petitioner to a bond hearing. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); Jensen v. Garland, 2023 WL 3246522, at *4 (C.D. Cal. 2023); Galdillo v. U.S. Dep't of Homeland Sec., 2021 WL 4839502, at *3 (C.D. Cal. 2021); Jimenez v. Wolf, 2020 WL 510347, at *3 (N.D. Cal. 2020); Riego v. Scott, 2025 WL 660535 (E.D. Cal. 2025). Thus, the Court finds application of the Mathews test in this case appropriate.

Under the Mathews test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." Mathews, 424 U.S. at 334–35.  "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

---

[1] Mathews v. Eldridge, 424 U.S. 319 (1976).

In the first factor, the Court evaluates Petitioner's private interest in being free from detention against the government's stated interests in protecting the public from a risk of danger and any risk of flight to avoid removal. Petitioner has been detained approximately 10 months. Compared to the six-month presumptive period set forth in Zadvydas beyond which continued detention becomes prolonged, Petitioner's 10-month detention qualifies as prolonged. Zadvydas, 533 U.S. at 701. In addition, the Ninth Circuit has held that an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Respondents do not dispute that Petitioner's detention period is prolonged. Thus, the Court finds Petitioner's private interest in being free from further prolonged detention weighs in his favor.

As to the second factor, "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," Mathews, 424 U.S. at 335, the Court finds this factor also weighs in favor of Petitioner. The "risk of an erroneous deprivation of [a petitioner's] interest is high" where "[h]e has not received any bond or custody redetermination hearing[.]" Jimenez, 2020 WL 510347, at *3.  There is no indication that Petitioner has been given a bond hearing before an Immigration Judge. Petitioner acknowledges that he received a hearing at some point, but it is unknown whether this was a full-fledged immigration court custody redetermination hearing, or a cursory custody determination made by ICE officers. Thus, the probable value of additional procedural safeguards, i.e., a bond hearing, is high, because it appears Petitioner has not been provided with any procedural safeguards. Thus, the risk of erroneous deprivation weighs in favor of granting a bond hearing.

In the third factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. As previously discussed, the government has a strong interest in effecting removal, Demore, 538 U.S. at 531, and in protecting the public from danger, Prieto-Clark, 534 F.3d at 1062-65.  As other courts have recognized, however, the key government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." Zagal-Alcaraz v. ICE Field Office Director, 2020 WL 1862254, at *7 (D. Or. 2020) (collecting cases).  Here, the government's asserted interest is based on mere speculation about

Petitioner's risk of flight or dangerousness. Petitioner seeks a bond hearing, not unqualified release. Providing a bond hearing would not undercut the government's asserted interest in affecting removal. Indeed, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community. See In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006).  Given "the minimal cost of conducting a bond hearing, and the ability of the IJ to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified," courts have concluded that "the government's interest is not as weighty as Petitioner's." Zagal-Alcaraz, 2020 WL 1862254, *7 (quoting Lopez Reyes v. Bonnar, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)). The Court agrees with this analysis. Although the Government has a strong interest, it is outweighed by Petitioner's interest.

In sum, the three Mathews factors weigh in Petitioner's favor and outweigh the government's interest in further detention without inquiry into whether he represents a flight risk or danger to the community.  The Court thus finds that Petitioner's prolonged detention violates his Fifth Amendment due process rights.

C.  Remedy

"The Court finds, consistent with other post-Jennings cases, that the appropriate remedy is a bond hearing before an immigration judge[.]" Lopez v. Garland, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022). See Martinez Leiva v. Becerra, No. 23-cv-02027-CRB, 2023 WL 3688097, at *9 (N.D. Cal. May 26, 2023) ("The Court further concludes that the appropriate remedy here is a bond hearing, and that an IJ, not the Court, should conduct it[.]" (footnote omitted)); Mansoor v. Figueroa, No. 3:17-cv-01695-GPC (NLS), 2018 WL 840253, at *4 (S.D. Cal. Feb. 13, 2018) ("The Court finds the IJ is uniquely qualified and situated to make neutral administrative determinations about Petitioner's eligibility for release on bond and/or placement in a supervised release program such as ISAP.").

In addition, the Court finds that at this hearing, the burden should be on the government to justify Petitioner's continued confinement by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. See A.E. v. Andrews, No. 1:25-cv-00107-KES-SKO (HC), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (recommending that "Respondent be ordered to provide Petitioner with a bond hearing before an immigration judge at which Respondent must justify Petitioner's continued detention by clear and convincing evidence" in § 1225(b) context); Sanchez-

Rivera v. Matuszewski, No. 22-cv-1357-MMA (JLB), 2023 WL 139801, at *7 n.5 (S.D. Cal. Jan. 9, 2023) (following "an overwhelming majority of courts that have held that the government must justify the continued confinement of a non-citizen detainee under § 1226(c) by clear and convincing evidence that the non-citizen is a flight risk or a danger to the community"). In the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the IJ should consider Petitioner's financial circumstances or alternative conditions of release. See Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017) ("Plaintiffs are likely to succeed on their challenge under the Due Process Clause to the government's policy of allowing ICE and IJs to set immigration bond amounts without considering the detainees' financial circumstances or alternative conditions of release."); Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) (The district court "correctly directed the immigration judge ("IJ"), in setting his bond and establishing appropriate terms for his potential release, to consider his ability to pay and alternative means of assuring appearance.").

### III.    RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondents be ORDERED to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), at which:

    a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203; and

    b. the IJ should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written

objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 18, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

8